**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

_____

KYLE SIRIANI, 03-A-6056,

                         **Plaintiff,**

         -v-                                                    07-CV-0813(Sr)

JAMES T. CONWAY, et al.,

                         **Defendants.**

_____


**<u>DECISION AND ORDER</u>**

         On or about December 7, 2007, plaintiff filed a *pro se* complaint pursuant

to 42 U.S.C. § 1983, alleging denial of access to the courts.  Dkt. #1.  On March 13,

2008, plaintiff submitted a letter requesting to withdraw his complaint.  Dkt. #7.  In his

March 13, 2008 letter, plaintiff did not offer a reason why he sought to withdraw his

complaint.  *Id*.  On March 25, 2008, United States District Judge David G. Larimer

issued an Order in accordance with plaintiff's letters (Dkt. ##3,5 & 6), requesting

withdrawal of his complaint without prejudice pursuant to Fed.R.Civ.P. 41.  Dkt. #8.

Thereafter, pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, the Court

granted plaintiff's motion to reinstate his complaint because plaintiff claimed to have

been threatened, forced and manipulated to withdraw his complaint.[1]  Dkt. #10.


         Plaintiff filed an amended complaint on August 17, 2009 which remains to

be screened pursuant to 28 U.S.C. § 1915(e)(2)(B) and 1915A.  Dkt. #16.  Defendants

_____

         [1] Plaintiff's motion filed on May 22, 2008 was erroneously docketed as a "motion to withdraw complaint."

requested and were granted a stay of time to answer or otherwise respond to the amended complaint pending completion of such screening.  Dkt. #18.

As the Court has previously advised plaintiff, his motion for the appointment of counsel is premature because service of process has not been completed, issue has not yet been joined and screening pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A has yet to be completed.  Dkt. ##14 & 15.  As a result, the Court lacks sufficient information to determine whether appointment of counsel is warranted under the standards promulgated by the Court of Appeals for the Second Circuit.  *See Hendricks v. Coughlin*, 114 F.3d 390, 394 (2d Cir. 1997); *Cooper v. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989).

**SO ORDERED**.

Dated:       Buffalo, New York
             March 19, 2012

 **S/ H. Kenneth Schroeder, Jr.**
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**