UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

KYLE SIRIANI, 03-A-6056,

                Plaintiff,

        -v-                                          07-CV-0813(Sr)

JAMES T. CONWAY, et al.,

                Defendants.

## **DECISION AND ORDER**

Pursuant to 28 U.S.C. § 636(c), the parties have consented to the assignment of this case to the undersigned to conduct all proceedings in this case, including the entry of final judgment. Dkt. #28.

Plaintiff, an inmate of the New York State Department of Corrections and Community Supervision ("NYSDOCCS"), filed this *pro se* action seeking relief pursuant to 42 U.S.C. § 1983 based upon allegations that CO Fleckstein threatened him and then used excessive force against him and that Nurse Turton and Sergeant Corcoran at the Attica Correctional Facility, and following his transfer to Coxsackie Correctional Facility, Dr. Miller, acted with deliberate indifference to his serious medical needs, to wit, an injury to a tendon in his left arm. Dkt. #1.

Currently before the Court is plaintiff's motion to appoint counsel. Dkt. #31. In support of the motion, plaintiff states that his medical injury is complex; he requires the assistance of counsel to obtain expert medical testimony; and that he

cannot represent himself effectively because he suffers from migraine headaches which are triggered by too much reading and has difficulty with his long term memory. Dkt. #31.

There is no constitutional right to appointed counsel in civil cases. However, under 28 U.S.C. § 1915(e), the Court may appoint counsel to assist indigent litigants. *See, e.g.*, *Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988). Assignment of counsel in this matter is clearly within the judge's discretion. *In re Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984). The factors to be considered in deciding whether or not to assign counsel include the following:

1. Whether the indigent's claims seem likely to be of substance;
2. Whether the indigent is able to investigate the crucial facts concerning his claim;
3. Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;
4. Whether the legal issues involved are complex; and
5. Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986).

The Court must consider the issue of appointment carefully, of course, because "every assignment of a volunteer lawyer to an undeserving client deprives

society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co. Inc.*, 877 F.2d 170, 172 (2d Cir. 1989). Therefore, the Court must first look to the "likelihood of merit" of the underlying dispute, *Hendricks*, 114 F.3d at 392; *Cooper*, 877 F.2d at 174, and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and his chances of prevailing are therefore poor." *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit).

Plaintiff has demonstrated an ability to inform the court of the factual allegations supporting his legal claim and has not established that the appointment of counsel is warranted at this time under the factors set forth above. Accordingly, plaintiff's motion for appointment of counsel (Dkt. #31), is denied without prejudice at this time. It is the plaintiff's responsibility to retain an attorney or press forward with this lawsuit *pro se*. 28 U.S.C. § 1654.

**SO ORDERED.**

DATED:    Buffalo, New York
             April 4, 2013

   s/ H. Kenneth Schroeder, Jr.
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**