**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

**KYLE SIRIANI, (03-A-6056),**

                        **Plaintiff,**

           **-vs-**                               **07-CV-813S**

**DENNIS FLECKENSTEIN, et al.,**

                        **Defendants.**
_____

## DECISION AND ORDER

         Pursuant to 28 U.S.C. § 636(c), the parties have consented to the assignment of this case to the undersigned to conduct all proceedings in this case, including the entry of final judgment.  Dkt. #28.

         Plaintiff commenced this action pursuant to 42 U.S.C. § 1983, alleging use of excessive force, on December 7, 2007.  Dkt. #1.  Thereafter, plaintiff filed an Amended Complaint on August 17, 2009.  Dkt. #16.  Defendants moved for summary judgment on September 13, 2013.  Dkt. #37.  By letter dated September 22, 2013 and filed September 30, 2013, plaintiff requested that he be given until October 28, 2013 to respond to the motion for summary judgment.  Dkt. #41.  By Text Order entered October 1, 2013, plaintiff's request was granted and plaintiff was directed to respond to the motion no later than November 15, 2013.  Dkt. #6.  New York State Department of Corrections and Community Supervision Inmate Information indicates that plaintiff remains housed at the Elmira Correctional Facility, where a copy of this Court's October

1, 2013 Text Order would have been mailed to plaintiff's attention.  To date, plaintiff has neither responded to defendants' motion, nor sought a further extension of time.

By Order to Show Cause dated April 23, 2014, this Court ordered plaintiff to show cause, in writing, no later than May 23, 2014, why this case should not be dismissed for failure to prosecute.  Dkt. #43.  This Court's Order to Show Cause further warned plaintiff that failure to comply with the Order would result in the dismissal of this action with prejudice pursuant to Fed.R.Civ.P. 41(b).  *Id*. at p.2.  To date, plaintiff has failed to respond to this Court's Order to Show Cause.

## DISCUSSION AND ANALYSIS

Rule 41(b) of the Federal Rules of Civil Procedure provides that

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.  Unless the dismissal order states otherwise, a dismissal under this subdivision . . . operates as an adjudication on the merits.

However, the Court of Appeals for the Second Circuit has required district courts to afford *pro se* plaintiffs "special leniency regarding procedural matters" and "has repeatedly detailed factors . . . to be considered before dismissal for failure to comply with a court order."  *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001).  "[T]hese factors significantly cabin a district court's discretion under Rule 41(b), so that deference is due to the district court's decision to dismiss a *pro se* litigant's complaint only when the circumstances are sufficiently extreme."  *Id.* (internal quotation omitted).   As a result, a district court contemplating dismissing a plaintiff's case for

failure to prosecute must consider: (1) the duration of the plaintiff's failures; (2) whether

plaintiff had received notice that further delays would result in dismissal; (3) whether the

defendant is likely to be prejudiced by further delay; (4) whether the district judge has

taken care to strike the balance between alleviating court calendar congestion and

protecting a party's right to due process and a fair chance to be heard; and (5) whether

the judge has adequately assessed the efficacy of lesser sanctions.  *See Lewis v.*

*Rawson*, 564 F.3d 569, 576 (2d Cir. 2009); *United States ex rel. Drake v. Norden Sys.,*

*Inc.*, 375 F.3d 248, 254 (2d Cir. 2004); *LeSane*, 239 F.3d at 209.


Plaintiff has had no communication with the Court since September 30,

2013, when he sought an extension of time to file a response to defendants' motion for

summary judgment.  Dkt. #41.  On October 1, 2013, this Court granted plaintiff's motion

for an extension of time.  Dkt. #42.  Although there is no indication that plaintiff did not

receive the Court's text order (Dkt. #42) granting his motion for additional time to file a

response to the summary judgment motion, plaintiff failed to respond to the motion for

summary judgment.  By reason of his request for an extension of time to file a response

to the motion for summary judgment, there can be no doubt that plaintiff was aware that

his failure to respond to the motion for summary judgment could result in the grant of

summary judgment in favor of the party seeking summary judgment and the dismissal

of all or part of the case.[1]  As a result, the Court can only conclude that plaintiff has lost interest in the prosecution of this action.

To hold this action in abeyance until plaintiff deigns to contact the Court would undermine the Court's ability to manage its caseload and prejudice defendants' interest in resolving the allegations against them.  The Court cannot fathom any lesser sanction than dismissal which could preserve the integrity of the Court's authority over indigent, *pro se* litigants such as plaintiff.  To permit plaintiff's case to be held in abeyance until such time as plaintiff reestablishes contact with the Court would eviscerate the semblance of any procedural standards for *pro se* plaintiffs.

## CONCLUSION

Based on the foregoing, this matter is dismissed with prejudice pursuant to Fed.R.Civ.P. 41(b).

**SO ORDERED.**

DATED:      Buffalo, New York
            June 16, 2014

                              *s/ H. Kenneth Schroeder, Jr.*
                              H. KENNETH SCHROEDER, JR.
                              United States Magistrate Judge

---

[1]As was noted in this Court's Order to Show Cause, defendants' Notice of Motion (Dkt. #37) properly set forth the Notice to Pro Se Litigants Opposing Summary Judgment that the failure to timely respond to the motion may result in the Court accepting defendants' factual assertions as true and judgment may be entered in defendants' favor without a trial.  *See* Dkt. #43.